UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE J. VIGIL,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>        Defendant. | Case No. 2:24-cv-2109-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff's first amended complaint alleges that his constitutional rights were violated by a state court order requiring him to make child support payments to defendant Department of Child Support Services. This court lacks jurisdiction over plaintiff's claims. I therefore recommend that this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).

9      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

16 **Analysis**

17     According to the first amended complaint, plaintiff seeks equitable relief from a state
18 court child support order entered against him.  ECF No. 4.  He claims that the order is invalid
19 because defendant Department of Child Support and Services ("DCSS") lacks jurisdiction to
20 enforce the judgment and because a Deputy Clerk signed the order, instead of the Clerk of Court.
21 *Id.* at 3-4.  Plaintiff also alleges that DCSS has failed to respond to his numerous requests about
22 its authority to collect child support payments from him.  *Id.* at 4-5.  In addition, he claims that
23 DCSS has violated the Fair Debt Collection Practices Act, several federal criminal and civil
24 statutes, and California's Unfair Competition Law and Consumer Legal Remedies Act.  *Id.* at 4-7.
25 He asks that this court issue a declaratory judgment against DCSS for violating his constitutional
26 rights, stop his obligation to make child support payments, and require DCSS to reimburse him
27 $160,592.93 collected under the child support order.  *Id.* at 11.
28     This court does not have jurisdiction to review the state court decision plaintiff seeks to

challenge. Under the *Rooker-Feldman* doctrine, federal courts cannot adjudicate constitutional claims that "are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Thus, the doctrine bars federal courts from adjudicating claims that seek to redress an injury allegedly resulting from a state court decision, even if the party contends the state judgment violated his or her federal rights. *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").

Plaintiff's request to invalidate the state court's order and require defendant to reimburse him for support payments made under that order is squarely what *Rooker-Feldman* prohibits. *See Collins v. Grisom*, No. 21-CV-2136 JLS (DEB), 2022 WL 3325665, * 3 (S.D. Cal. Aug. 11, 2022) (holding that plaintiff's challenges to a child support order based on lack of jurisdiction, lack of service of process, and lack of notice of hearings were barred under *Rooker-Feldman*); *Nemcik v. Mills*, No. 16-CV-00322-BLF, 2016 WL 4364917, at *6 (N.D. Cal. Aug. 16, 2016) ("The law does not allow a federal court to review the child support orders created by a state court."); *Rucker v. Cnty. of Santa Clara, State of Cal.*, No. C02-5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (holding that under *Rooker-Feldman*, the court lacked jurisdiction to declare a state court child support order that authorized garnishing disability benefit payments void as a matter of law).

Accordingly, the first amended complaint's claims are barred by the *Rooker-Feldman* doctrine. Given that the jurisdictional deficiencies cannot be cured by amendment, I recommend that the dismissal be without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's first amended complaint, ECF No. 4, be DISMISSED without leave to amend for lack of jurisdiction.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4